JUDGE CASTEL

**'08 CIV 7647'**

MANATT, PHELPS & PHILLIPS, LLP
Ronald G. Blum
Abigail M. Kagle
7 Times Square
New York, New York 10036
Telephone: (212) 790-4500
Facsimile: (212) 790-4545



*Attorneys for Defendants*
*Stryker Corporation and Stryker Sales Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DAWN DONNELLY,

             Plaintiff,

    -against-

STRYKER CORPORATION and
STRYKER SALES CORPORATION,

             Defendants.

08 Civ. ____

**NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. §**
**1441(b) AND LOCAL CIVIL**
**RULE 81.1**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that Defendants Stryker Corporation and Stryker Sales

Corporation (collectively "Stryker") hereby remove to this Court the state court action described

below:

    1.    On July 9, 2008, an action was commenced in the Supreme Court of the State of

New York, County of New York entitled *Dawn Donnelly v. Stryker Corporation and Stryker*

*Sales Corporation*, Index No. 110220/08. Plaintiff served a copy of the Summons and Verified

Complaint by hand on Stryker Corporation at its offices at 2825 Airview Boulevard, Kalamazoo,

Michigan on August 6, 2008 and on Stryker Sales Corporation c/o C T Corporation System, 111 Eighth Avenue, New York, NY 10011 on August 8, 2008.

2.    A copy of the Summons and the Verified Complaint is annexed hereto as Exhibit A. No additional pleadings have been served in this case.

3.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. Stryker may remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between a citizen of different states and upon information and belief the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs:  the Complaint alleges that plaintiff Dawn Donnelly suffered physical injuries because of an allegedly defective stretcher manufactured and marketed by Stryker and used at her employer's premises, New York-Presbyterian Medical Center in New York City.  Plaintiff's Verified Complaint seeks to recover damages in an unspecified amount that exceeds the jurisdictional limitations of all lower courts that may otherwise have jurisdiction over this action together with the costs and disbursements of this action.

4.    According to the Verified Complaint, plaintiff is a citizen of the State of New York. Defendants Stryker Corporation and Stryker Sales Corporation, at the time of the filing of this action, and still are, corporations incorporated under the laws of the State of Michigan and having their principal places of business at 2825 Airview Boulevard, Kalamazoo, Michigan.

5.    Venue is proper in this district because the Southern District of New York embraces the county where the above action is pending.

6.    This Notice of Removal is being filed within thirty days after service of the

Summons and Verified Complaint.  In filing the Notice of Removal, the removing

party does not waive any of its defenses.

Dated: New York, New York
       August 29, 2008

MANATT, PHELPS & PHILLIPS, LLP


By: *Abigail Kagle*
    Abigail M. Kagle
    Ronald G. Blum
7 Times Square
New York, New York 10036
Telephone: (212) 790-4500
Facsimile: (212) 790-4545
*Attorneys for Defendants Stryker
Corporation and Stryker Sales Corporation*

# EXHIBIT A

*rec'd @ Corp 8/6/08*
*Signed by AS*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
DAWN DONNELLY,

      Plaintiff,

-against-

STRYKER CORPORATION and
STRYKER SALES CORPORATION,

      Defendants.
-------------------------------------------------------------X

Index No.: *110220-08*
Date Purchased: *7-25-08*
**SUMMONS**

Plaintiff designates NEW YORK
County as the place of trial.

The basis of venue is:
Defendant's New York Office and
Situs of Accident

Defendant's Office is located at:
111 Eighth Avenue
New York, NY 10011
County of New York

**To the above named Defendant(s):**

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: NEW YORK, NEW YORK
      July 9, 2008

THOMAS G. CASCIONE
CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C.
Attorneys for Plaintiff(s)
DAWN DONNELLY
20 Vesey Street, Suite 1100
New York, New York 10007
(212) 964-9640
Our File No. 3498

TO:    STRYKER SALES CORPORATION - via Secretary of State
        c/o C T CORPORATION SYSTEM
        111 Eighth Avenue
        New York, NY 10011

        STRYKER CORPORATION - via Personal Service on Agent
        2825 Airview Boulevard
        Kalamazoo, Michigan 49002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

DAWN DONNELLY,                                              Index No.:
                                                           Date Purchased:
     Plaintiff,

-against-                                                   **VERIFIED COMPLAINT**

STRYKER CORPORATION and
STRYKER SALES CORPORATION,

     Defendants.
------------------------------------------------------------X

       Plaintiff, by her attorneys, **CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C.**, complaining of the Defendant, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF DAWN DONNELLY

     1.    At all times herein mentioned, Plaintiff **DAWN DONNELLY**, was, and still is, a resident of the State of New York.

     2.    That at all times herein mentioned, Defendant **STRYKER CORPORATION** was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

     3.    That at all times herein mentioned, Defendant **STRYKER CORPORATION** was and still is a foreign corporation, licensed to do business in a state other than the State of New York.

     4.    That at all times herein mentioned, Defendant **STRYKER CORPORATION** was and still is a foreign corporation, duly authorized to do business in the State of New York.

     5.    That at all times herein mentioned, Defendant, **STRYKER CORPORATION** maintained a principal place of business in Kalamazoo, Michigan.

     6.    That at all times herein mentioned, Defendant **STRYKER SALES CORPORATION** was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

     7.    That at all times herein mentioned, Defendant **STRYKER SALES CORPORATION** was and still is a foreign corporation, licensed to do business in a state other than the State of New York.

8.     That at all times herein mentioned, Defendant **STRYKER SALES CORPORATION** was and still is a foreign corporation, duly authorized to do business in the State of New York.

9.     That at all times herein mentioned, Defendant, **STRYKER SALES CORPORATION** maintained a principal place of business in Kalamazoo, Michigan.

10.    That at all times herein mentioned, Defendant, **STRYKER SALES CORPORATION** maintained offices in New York County.

11.    That Defendant, **STRYKER CORPORATION**, committed a tortious act within the State of New York, shipped a defective product which was used in the State of New York, and is subject to jurisdiction in the State of New York.

12.    That Defendant, **STRYKER CORPORATION**, regularly does, or solicits, business in the State of New York.

13.    That Defendant **STRYKER CORPORATION** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

14.    That at all times herein mentioned the Defendant **STRYKER CORPORATION** was in the business of designing, selling, manufacturing and distributing various medical devices, including stretchers for the purpose of sale to and use by the general public.

15.    That at all times herein mentioned the Defendant **STRYKER CORPORATION**, was in the business of selling, manufacturing and distributing stretchers for the purpose of sale and use to businesses, including but not limited to, hospitals and medical facilities.

16.    That at all times herein mentioned the Defendant **STRYKER SALES CORPORATION**, was in the business of selling, manufacturing and distributing stretchers for the purpose of sale and use to businesses, including but not limited to, hospitals and medical facilities.

17.    That the Defendant, **STRYKER CORPORATION** manufactured, produced, sold and distributed a certain product called "Stryker Renaissance Series PACU Wheeled Stretcher Model #1711".

18.    That at all times herein mentioned, and prior to August 4, 2006, the Defendant, **STRYKER CORPORATION**, manufactured, sold, distributed and delivered to purchasers, including New York-Presbyterian Hospital, the above mentioned product.

3

19.    That Defendant, **STRYKER SALES CORPORATION**, committed a tortious act within the State of New York, shipped a defective product which was used in the State of New York, and is subject to jurisdiction in the State of New York.

20.    That Defendant, **STRYKER SALES CORPORATION**, regularly does, or solicits, business in the State of New York.

21.    That Defendant **STRYKER SALES CORPORATION** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

22.    That at all times herein mentioned the Defendant **STRYKER SALES CORPORATION** was in the business of designing, selling, manufacturing and distributing various medical devices, including stretchers for the purpose of sale to and use by the general public.

23.    That the Defendant, **STRYKER SALES CORPORATION** manufactured, produced, sold and distributed a certain product called "Stryker Renaissance Series PACU Wheeled Stretcher Model #1711".

24.    That at all times herein mentioned, and prior to August 4, 2006, the Defendant, **STRYKER SALES CORPORATION**, manufactured, sold, distributed and delivered to purchasers, including New York-Presbyterian Hospital, the above mentioned product.

25.    That on August 4, 2006, in the City, County and State of New York, Plaintiff **DAWN DONNELLY**, while working at New York-Presbyterian Medical Center, used said product of Defendant, **STRYKER CORPORATION**.

26.    That on August 4, 2006, in the City, County and State of New York, Plaintiff **DAWN DONNELLY**, while working at New York-Presbyterian Medical Center, used said product of Defendant, **STRYKER SALES CORPORATION**.

27.    That the Defendant **STRYKER CORPORATION** warranted said product was fit for the purpose for which it was intended.

28.    That the Defendant **STRYKER CORPORATION** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

29.    That the Defendant, **STRYKER CORPORATION** impliedly warranted that the said product was of merchantable quality and was safe for use.

4

30. That the Defendant **STRYKER SALES CORPORATION** warranted said product was fit for the purpose for which it was intended.

31. That the Defendant **STRYKER SALES CORPORATION** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

32. That the Defendant, **STRYKER SALES CORPORATION** impliedly warranted that the said product was of merchantable quality and was safe for use.

33. That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

34. That Defendant, **STRYKER CORPORATION** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

35. That Defendant, **STRYKER SALES CORPORATION** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

36. That on August 4, 2006 the Plaintiff while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

37. That the aforesaid accident was caused by reason that Defendant, **STRYKER CORPORATION** breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

38. That the aforesaid accident was caused by reason that Defendant, **STRYKER SALES CORPORATION** breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

39. That by reason of the foregoing, Plaintiff **DAWN DONNELLY** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

5

40.    That this action falls within one or more exception set forth in § 1602 of the CPLR.

41.    That as a result of the foregoing, Plaintiff was damaged in an amount that exceeds the jurisdictional limitations of all lower courts that may otherwise have jurisdiction over this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF DAWN DONNELLY

42.    Plaintiff **DAWN DONNELLY**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

43.    That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff.

44.    That on August 4, 2006, Plaintiff **DAWN DONNELLY**, used the product for the purpose and use normally intended.

45.    That on August 4, 2006, while Plaintiff **DAWN DONNELLY** was using the said product, it collapsed causing Plaintiff to suffer severe bodily injuries.

46.    That by reason of the foregoing, the Defendant, **STRYKER CORPORATION**, its agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

47.    That by reason of the foregoing, the Defendant, **STRYKER SALES CORPORATION**, its agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

48.    That by reason of the foregoing, Plaintiff **DAWN DONNELLY**, has been damaged in an amount that exceeds the jurisdictional limitations of all lower courts that may otherwise have jurisdiction over this action.

6

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF DAWN DONNELLY

49.     Plaintiff **DAWN DONNELLY**, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

50.     That Plaintiff **DAWN DONNELLY** was caused to sustain those bodily injuries through no fault or carelessness of her own, but due to the acts and/or omissions which constituted the negligence of the Defendant, **STRYKER CORPORATION**, its agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product for use by the general public; and in otherwise being careless and negligent.

51.     That Plaintiff **DAWN DONNELLY** was caused to sustain those bodily injuries through no fault or carelessness of her own, but due to the acts and/or omissions which constituted the negligence of the Defendant, **STRYKER SALES CORPORATION**, its agents, servants, employees and/or licensees in improperly and negligently manufacturing, producing, selling and distributing said product for use by the general public; and in otherwise being careless and negligent.     52.     That by reason of the foregoing, Plaintiff **DAWN DONNELLY**, has been damaged in an amount that exceeds the jurisdictional limitations of all lower courts that may otherwise have jurisdiction over this action.

**WHEREFORE,** Plaintiff demands judgment against the Defendants **STRYKER CORPORATION** and **STRYKER SALES CORPORATION** herein on the FIRST, SECOND and THIRD Causes of Action, in an amount jointly and severally that exceeds the jurisdictional limitations of all lower courts that may otherwise have jurisdiction over this action together with the costs and disbursements of this action.

Dated:  New York, New York
        July 9, 2008

THOMAS G. CASCIONE
CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C.
Attorneys for Plaintiff(s)
DAWN DONNELLY
20 Vesey Street, Suite 1100
New York, New York 10007
(212) 964-9640          Our File No. 3498

7

## ATTORNEY'S VERIFICATION

**THOMAS G. CASCIONE**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C., attorneys of record for Plaintiff **DAWN DONNELLY**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorneys for the plaintiff maintain their offices.

DATED:     New York, New York
           July 9, 2008

THOMAS G. CASCIONE

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DAWN DONNELLY,

     Plaintiff,

-against-

STRYKER CORPORATION and
STRYKER SALES CORPORATION,

     Defendants.

## SUMMONS WITH VERIFIED COMPLAINT

### CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C.
*Attorneys for Plaintiff(s)*
20 Vesey Street, Suite 1100
New York, New York 10007
(212)964-9640