MANATT, PHELPS & PHILLIPS, LLP
Ronald G. Blum
Abigail M. Kagle
7 Times Square
New York, New York  10036
Telephone:  (212) 790-4500
Facsimile:   (212) 790-4545

*Attorneys for Defendants*
*Stryker Corporation and Stryker Sales Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAWN DONNELLY,<br><br>      Plaintiff,<br><br>  -against-<br><br>STRYKER CORPORATION and<br>STRYKER SALES CORPORATION,<br><br>      Defendants. | 08 Civ. 7647 (PKC) (HP)<br><br>**ECF CASE**<br><br>**<u>ANSWER</u>** |

  Defendants Stryker Corporation and Stryker Sales Corporation (collectively "Stryker"), by their attorneys Manatt, Phelps & Phillips, LLP, hereby answers the plaintiff's Verified Complaint as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 1.

  2. Denies the truth of the allegation contained in paragraph 2.

  3. Admits the truth of the allegation contained in paragraph 3.

  4. Denies the truth of the allegation contained in paragraph 4, but admits that Stryker Corporation is a foreign corporation.

  5. Admits the truth of the allegation contained in paragraph 5.

  6. Denies the truth of the allegation contained in paragraph 6.

7. Admits the truth of the allegation contained in paragraph 7.

8. Admits the truth of the allegation contained in paragraph 8.

9. Admits the truth of the allegation contained in paragraph 9.

10. Denies the truth of the allegation in paragraph 10.

11. Denies the truth of the allegations contained in paragraph 11.

12. Admits the truth of the allegation contained in paragraph 12.

13. Denies the truth of the allegation contained in paragraph 13, except admits that Stryker receives revenue for goods sold in the State of New York.

14. Denies the truth of the allegations contained in paragraph 14, except admits that Stryker Corporation designs, manufactures, and distributes stretchers.

15. Denies the truth of the allegations contained in paragraph 15, except admits that Stryker Corporation designs, manufactures, and distributes stretchers.

16. Denies the truth of the allegations contained in paragraph 16, except admits that Stryker Sales Corporation sells stretchers.

17. Admits the truth of the allegation contained in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 18.

19. Denies the truth of the allegation contained in paragraph 19.

20. Denies the truth of the allegations contained in paragraph 20, except admits that Stryker Sales Corporation does business in the State of New York.

21. Denies the truth of the allegation contained in paragraph 21, except admits that Stryker receives revenue for goods sold in the State of New York.

22. Denies the truth of the allegations in paragraph 22, but admits that Stryker Sales Corporation sells stretchers.

23. Denies the truth of the allegations contained in paragraph 23, but admits that Stryker Sales Corporation sells a certain product called "Stryker Renaissance Series PACU Wheeled Stretcher Model #1711."

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 24, but admits that Stryker Sales Corporation sells the above-mentioned product to purchasers.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 26.

27. Paragraph 27 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies the truth of the allegation contained in paragraph 27.

28. Paragraph 28 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies the truth of the allegation contained in paragraph 28.

29. Paragraph 29 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies the truth of the allegation contained in paragraph 29.

30. Paragraph 30 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies the truth of the allegation contained in paragraph 30.

31. Paragraph 31 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies the truth of the allegation contained in paragraph 31.

32. Paragraph 32 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies the truth of the allegation contained in paragraph 32.

33. Paragraph 33 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Paragraph 34 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies the truth of the allegation contained in paragraph 34.

35. Paragraph 35 describes the legal basis for this action and therefore no response is required. To the extent an answer is warranted, Stryker denies the truth of the allegation contained in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 36.

37. Denies the truth of the allegation in paragraph 37.

38. Denies the truth of the allegation in paragraph 38.

39. Denies the truth of the allegation in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 40, except refers to Section 1602 of the CPLR for its full terms and legal effects.

41. Denies the truth of the allegations contained in paragraph 41.

42. Stryker repeats and realleges its responses to the allegations contained in paragraphs 1 through 41 for its response to paragraph 42.

43. Denies the truth of the allegation contained in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 46.

47. Denies the truth of the allegations contained in paragraph 47.

48. Denies the truth of the allegation contained in paragraph 48.

49. Stryker repeats and realleges its responses to the allegations contained in paragraphs 1 through 48 for its response to paragraph 49.

50. Denies the truth of the allegations contained in paragraph 50.

51. Denies the truth of the allegations in paragraph 51.

### FIRST AFFIRMATIVE DEFENSE

No act or failure to act on the part of Stryker was the cause of any damages, injuries, or losses alleged by plaintiff.

## SECOND AFFIRMATIVE DEFENSE

There is no proximate cause between any act or failure to act on the part of Stryker and the damages, injuries, or losses alleged by plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The literature for any product manufactured by Stryker gave full, complete, and adequate warnings as required by the applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Any and all acts performed by, and any and all products designed, manufactured, sold, distributed, or promoted by or on behalf of, Stryker were at all times in conformity with the state of the art and the applicable standards of care for the design and manufacture of such or similar products.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred because plaintiff's injuries, if any, are the result of intervening acts, omissions, representations, misrepresentations, negligence, or breaches by others over whom Stryker has no control and for whom Stryker is not legally liable and whose conduct was not foreseen or anticipated and could not have been foreseen or anticipated.

## SIXTH AFFIRMATIVE DEFENSE

Any injuries or damages plaintiff may have suffered were caused by plaintiff's culpable conduct or contributory negligence, and any damages recovered by plaintiff should be reduced by the proportion that plaintiff's culpable conduct bears to the culpable conduct that caused the injury or damages.

## SEVENTH AFFIRMATIVE DEFENSE

All or part of the damages claimed by plaintiff are due to plaintiff's failure to mitigate

damages and therefore may not be recovered by plaintiff in this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, damages or losses arose from and were caused by the misuse or unintended use of the product utilized by plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused by factors other than, and unrelated to, any product or activity of Stryker including, but not limited to, preexisting medical, genetic, or environmental conditions, diseases, or illnesses.  Stryker has no control over such factors and such factors were not due to or caused by the fault, lack of care, or negligence of Stryker. Plaintiff's causes of action are barred or limited by the legal doctrine set forth in Comment "n" to Section 388 of the Restatement (Second) of Torts.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages were not a reasonable, foreseeable risk of the design or manufacture of any products manufactured by Stryker.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred or limited by the legal doctrine set forth in Comment "j" of Section 2 of the Restatement (Third) of Torts:  Products Liability.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred or limited by the legal doctrine set forth in Comment "g" of Section 6 of the Restatement (Third) of Torts:  Products Liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Stryker made no warranties of any kind, express or implied, to plaintiff and there is no relationship upon which any claim of warranty may be based.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery because plaintiff, or others acting with the permission, consent, or knowledge of plaintiff, negligently, knowingly, or intentionally altered, destroyed, destructively tested, discarded, failed to preserve or protect, sold and/or spoliated the subject product and/or the component parts of the product, which are known to plaintiff or such others to be critical evidence in the instant litigation.

WHEREFORE, Defendants Stryker Corporation and Stryker Sales Corporation demand judgment in their favor, dismissing the Complaint, and awarding Defendants their costs and expenses, and such other and further relief as the Court deems just.

Dated:  New York, New York
           September 3, 2008

MANATT, PHELPS & PHILLIPS, LLP

By:   s/ Ronald G. Blum
        Ronald G. Blum
        Abigail M. Kagle
        7 Times Square
        New York, New York  10036
        Tel.:  212.790.4500
        Fax:  212.790.4545
        Email: rblum@manatt.com
                 akagle@manatt.com

*Attorneys for Defendants Stryker Corporation and Stryker Sales Corporation*

80430590.1